**STATE of Missouri ex rel. Elbert A. WALTON, Jr., Appellant,**

v.

**Hon. Roy D. BLUNT and R.L. (Bob) Walker, Respondents.**

**No. WD 38451.**

Missouri Court of Appeals,
Western District.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied
Feb. 17, 1987.

Elbert A. Walton, Jr., St. Louis, for appellant.

William Webster, Atty. Gen., Richard Baugh, Asst. Atty. Gen., Jefferson City, for respondents.

Before CLARK, C.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a civil action in the alternative for a writ of mandamus or declaratory judgment, seeking to have the procedures of respondent, the Honorable Roy Blunt, Secretary of State, regarding the acceptance of declarations of candidacy for public office pursuant to § 115.349.2, RSMo Supp. 1984 declared invalid. The trial court entered summary judgment. The judgment is reversed and the cause is remanded with directions.

The parties having presented cross-motions for summary judgment, the matter was submitted to the trial court upon documents, affidavits, and oral argument, thus

providing for this court a detailed, but brief, trial record. The pertinent facts are limited and for the most part are not in dispute. They are as follows:

Appellant is presently and was, on January 14, 1986, a member of the House of Representatives, Missouri General Assembly. He holds the legislative seat of the 61st District. On January 14, 1986, prior to 8:00 a.m., appellant appeared at respondent Blunt's office to file as a candidate in the primary election of August 5, 1986. Filings for state public office are prescribed by Chapter 115, Missouri Revised Statutes, which designates respondent as the authority to receive such filings. Section 115.353, RSMo Supp.1984, mandates that a declaration of candidacy for state representatives shall be filed with respondent. January 14, 1986, was the first day for the declaration of candidacy as it was the second Tuesday of January for the year 1986 as prescribed by law. Filings remain open until 5:00 p.m. on the last Tuesday of March. Section 115.349, RSMo Supp.1984.

Prior to 8:00 a.m. on January 14, 1986, a line of potential candidates had formed just outside the office of respondent Blunt. It is common knowledge that in the past, potential candidates would form a line in front of the Missouri Secretary of State's office and that their declarations of candidacy would be processed on a first come, first serve basis. On the morning of January 14, 1986, respondent Blunt conducted a different method of selecting the processing of declarations of candidacy. Blunt conducted a lottery whereby all persons who arrived prior to 8:00 a.m. received a ticket with a number on it. This ticket was then placed in a container and the various tickets were then drawn one at a time. The participants were then permitted to file their declarations of candidacy.

■ The parties agree that the seeking of a writ of mandamus has been rendered moot because the primary election (on August 5, 1986) has been conducted. However, while it might appear that the entire issue has become moot, thus depriving this court of jurisdiction, such is not the case.

Even though the primary election of August 5, 1986, has been conducted, the question presented is one that is "capable of repetition, yet evading review", thus authorizing this court to make final disposition of the issue. *Gramex Corp. v. Von Romer*, 603 S.W.2d 521, 523 (Mo. banc 1980), citing *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969) and *Southern Pacific Terminal Co. v. Interstate Commerce Commission*, 219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911).

The dispute herein rests upon the sole question of whether respondent had the authority to conduct a "lottery" in determining the order in which declarations of candidacy are to be filed, or whether respondent was required to accept and hence file the declarations of candidacy in the order of appearance by the declarants. The dispute involves the wording and the intent of § 115.349, RSMo Supp.1984, § 115.387, RSMo Supp.1985 and § 115.395, RSMo 1978. These statutes read as follows:

**115.349. Time for filing of a declaration of candidacy—form of declaration**

1. Except as otherwise provided in sections 115.361 through 115.383, no candidate's name shall be printed on any official primary ballot unless the candidate has filed a written declaration of candidacy in the office of the appropriate election official by 5:00 p.m. on the last Tuesday in March immediately preceding the primary election.

2. Except declarations filed for nomination in the 1978 primary election before 8:00 a.m. on the second Tuesday in January, 1978, no declaration of candidacy for nomination in a primary election shall be accepted for filing prior to 8:00 a.m. on the second Tuesday in January immediately preceding the primary election.

3. Each declaration of candidacy for nomination in a primary election shall state the candidate's full name, residence address, office for which he proposes to be a candidate, the party ticket on which he wishes to be a candidate and that if

nominated and elected he will qualify. The declaration shall be in substantially the following form:

I, ....., a resident and registered voter of the ... precinct of the town of ... or the ..... precinct of the ... ward of the city of ....., or the ... precinct of ..... township of the county of ..... and the state of Missouri, do announce myself a candidate for the office of ..... on the ..... party ticket, to be voted for at the primary election to be held on the ... day of ....., 19 ..., and I further declare that if nominated and elected to such office I will qualify.

| ..................... | Subscribed and |
| Signature of candidate | sworn to before |
| | me this .. day of |
| | ...., 19.. |

| ........................................... | |
| Residence address | Signature of |
| | election official or |
| | other officer |
| | authorized to |
| | administer oaths |

If the declaration is to be filed in person, it shall be subscribed and sworn to by the candidate before an official authorized to accept his declaration of candidacy. If the declaration is to be filed by certified mail pursuant to the provisions of subsection 2 of section 115.355, it shall be subscribed and sworn to by the candidate before a notary public or other officer authorized by law to administer oaths.

**115.387. Secretary of state to furnish each election authority a list of candidates for each office and the order of their filing—list, when due**

Not later than the eighth Tuesday before each primary election, the secretary of state shall transmit to each election authority a certified list containing the name and address of each person who has filed a declaration of candidacy in his office and is entitled to be voted for at the primary election, together with a designation of the office for which he is a candidate and the party he represents.

In his certification, the secretary of state shall also include the order in which the candidates for each office filed their declarations of candidacy.

**115.395. Ballot for each party at primary—candidates listed in order of filing—ballot information, how shown**

1. At each primary election, there shall be as many separate ballots as there are parties entitled to participate in the election.

2. The names of the candidates for each office on each party ballot shall be listed in the order in which they are filed.

3. Insofar as applicable, the provisions of sections 115.237, 115.241 and 115.245 shall apply to each ballot prepared for a primary election, except that the ballot information may be placed in vertical or horizontal rows, no circle shall appear under any party name and no write-in lines shall appear under the name of any office for which a candidate is to be nominated at the primary. At a primary election, write-in votes shall be counted only for persons who can be elected to an office at the primary.

The only relevance that § 115.349 has to the present case is that no declarations of candidacy shall be accepted prior to 8:00 a.m. on the second Tuesday in January. It is noted that the General Assembly declarations of candidacy filed relative to the 1978 primary election were excepted. The issue herein is really not the acceptance of declarations of candidacy *prior to 8:00 a.m.*, but whether respondent is required to accept such declarations at 8:00 a.m. on the second Tuesday of January and at all designated subsequent times until 5:00 p.m. on the last Tuesday of March of the same calendar year in the order in which declarations are presented to respondent *or* whether respondent is authorized to adopt some alternative procedure for the filing of such declarations.[1]

Respondent does not assert, nor is there any dispute over the fact, that respondent has no authority to promulgate rules under

1. It is noted that intervening sections, §§ 115.-351–115.385 and §§ 115.389–115.393 have no application to the present case and thus are not considered herein.

Chapter 115, RSMo regarding the filing of declarations of candidacy. The circuit court, as noted above, so ruled and that ruling was correct.

There exists no separate statute which specifically declares that respondent shall accept the declarations of candidacy in any prescribed order. However, two sections of our statutory law prescribe what duties respondent must perform after the time for the filing of a declaration of candidacy has passed. These sections are § 115.387 and § 115.395 set forth above.

It is noted that under § 115.387 respondent is required to transmit to each election authority a "certified list" of the name and address of each person who has filed a declaration of candidacy, who is otherwise qualified, together with a designation of the office for which each person is a candidate. Section 115.387 then sets forth explicitly the following language: *"In his certification, the secretary of state shall also include the order in which the candidates for each office filed their declarations of candidacy."* (emphasis added)

Again, in § 115.395, as set forth above, the following language is found, *"2. The names of candidates for each office on each party ballot shall be listed in the order in which they are filed."* (emphasis added)

The above-referenced language clearly denotes the legislative intent that respondent is to certify the list of candidates to the appropriate election authorities, along with *"the order in which the candidates for each office filed their declarations of candidacy."* (emphasis added).

From the requirements of § 115.387, as set forth above, two conclusions follow: First, in order that respondent is thus able to comply with § 115.387, respondent must know and determine the *order* of the declarations of candidacy. Second, and more importantly, § 115.387 expresses the intent of the Missouri General Assembly that there shall be an "order" in which declarations of candidacy shall be received by respondent.

The term "order" has been defined as follows:

order ... the arrangement or sequence of objects in position or of *events in time* (emphasis added) *Websters New Collegiate Dictionary,* 807 (1977)

Neither § 115.387, § 115.395, nor any other statute permits or authorizes respondent to prescribe the "order" of the filing of declarations of candidacy. The above statutes prescribe that the "order" shall be determined by the time when each candidate files his or her declaration.

It is further noted that the procedure followed by respondent as to any candidate who filed a declaration of candidacy after 8:00 a.m. on the second Tuesday in January until 5:00 p.m. on the last Tuesday in March included the listing of the candidates in the "order" in which the candidates filed their declarations of candidacy.

Respondent was without authority to conduct a "lottery" or to adopt any other procedure for the acceptance of the declarations of candidacy. Respondent is bound by the statutes enacted by the General Assembly. Hence, respondent is not required or even authorized to accept any declaration of candidacy for a primary election before 8:00 a.m. on the second Tuesday of January of the appropriate calendar year. However, when respondent opens his office at 8:00 a.m. on the second Tuesday of January of the appropriate calendar year, respondent is, by statute, required to accept the filings of all declarations of candidacy from persons seeking to file same in the "order" the same shall be presented to respondent by the persons authorized to present such declarations of candidacy. In more common terms, such process and respondent's duty is to accept such filings on a first come, first serve basis. Respondent is without authority to refuse such filings in this manner. Respondent also is without authority to prescribe any alternative procedure for the acceptance of such filings.

That potential candidates line up before the office of respondent and form a line prior to 8:00 a.m. for the purpose of filing their declarations and whether this is offen-

sive or inappropriate to respondent, it does not serve as any authorization to alter or change the filing process.

If respondent feels there is a more appropriate way in which declarations of candidacy should be presented and received, then respondent must seek and secure legislative change from the General Assembly. Respondent is without authority to institute any alternative procedure and the statutes, as noted above, express the legislative intent that respondent shall accept declarations of candidacy *in the order in which such declarations shall be presented to respondent by the candidates.*

The circuit court erred when it declared that respondent was granted discretion by § 115.349.2. The circuit court further erred when it declared that the procedure adopted by respondent (the lottery process) complied with § 115.349.2. Section 115.-349.2 does not allow for such procedure. Furthermore, such finding by the circuit court, if upheld, would prevent respondent's compliance with § 115.387 and § 115.395, which require respondent to include within his certification to appropriate election authorities, the "order in which candidates for each office filed their declarations of candidacy."

The circuit court has misinterpreted and misapplied § 115.349.2. By virtue of said misinterpretation and misapplication, the judgment herein must be and is hereby in all respects reversed and the cause is remanded with directions to the circuit court to enter judgment declaring that the procedures for the filing of declarations of candidacy heretofore adopted by respondent are null and void.

All concur.